**DLD-147**                                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1510
_____

IN RE:  MARCUS L. WALLACE,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-10-cv-01309)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 24, 2011

Before:  BARRY, FISHER AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner, Marcus Wallace, is currently awaiting trial in the Court of Common

Pleas of Franklin County, Pennsylvania, on charges of first and second degree murder,

aggravated assault, criminal mischief, and related charges.  In June 2010, Wallace filed a

pro se habeas petition under 28 U.S.C. § 2254 in the District Court.  After filing his

habeas petition, Wallace also filed various motions in the District Court related to pretrial

proceedings in the Court of Common Pleas.  The Magistrate Judge issued a Report

recommending that Wallace's habeas petition be dismissed because he had not exhausted state court remedies. After rejecting Wallace's objections, the District Court adopted the Magistrate Judge's Report, and also intimated that it could properly invoke Younger abstention. Wallace then sought a certificate of appealability from this Court, which we denied. In addition, Wallace filed various post-judgment motions in the District Court, which the District Court has not yet ruled on. On February 28, 2011, Wallace filed this pro se mandamus petition, as well as motions in support thereof.

It is not entirely clear from Wallace's petition what exactly he wishes to compel the District Court to rule on. In the petition, Wallace asserts that the county-level magistrate who issued a search warrant in his case did not have jurisdiction to do so. Accordingly, Wallace argues, he is entitled to have the search warrant quashed and to have evidence seized pursuant to the warrant suppressed. Wallace challenged the seizure of evidence in various pre-judgment motions related to his habeas petition, and the District Court dismissed those motions without prejudice. To the extent that Wallace seeks to compel the District Court to rule on any claims raised in those motions, his request is moot because the District Court already ruled on the claims.

Wallace also raised similar issues complaining of the validity of the search warrant in his "petition for review," which he filed after the District Court dismissed Wallace's habeas petition. To the extent that Wallace seeks to compel the District Court to rule on his petition for review, we conclude that mandamus is not appropriate.

Mandamus is a drastic remedy available in only the most extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). In addition, as a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

Nonetheless, mandamus may be warranted when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. The District Court's delay in this case, however, does not meet that standard. Wallace filed his petition for review on January 12, 2011. Only about a month and a half passed between the time Wallace filed his petition for review and his mandamus petition, which he filed on February 28, 2011. Moreover, considering that Wallace's state case is still ongoing and that the District Court already dismissed Wallace's pre-judgment motions asserting arguments related to those in his petition for review, it is understandable that the District Court may be proceeding with caution. We cannot say that the delay in adjudicating Wallace's petition for review is "tantamount to a failure to exercise jurisdiction" or "rise[s] to the level of a denial of due process." Id.

To the extent that Wallace asks us to compel the District Court to grant his post-judgment petition for review (rather than simply rule on it), he has not demonstrated that he has "no other adequate means to obtain the desired relief." Id. The District Court still

3

has time in which to rule on the petition for review, and if and when the District Court denies it, Wallace is free to challenge such action via direct appeal. See In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir. 1998) ("[A] writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.").

For the foregoing reasons, the petition for a writ of mandamus will be dismissed. In reaching our decision, we also considered Wallace's motions accompanying his petition for a writ of mandamus, and now dismiss those motions along with his petition.